1   Chris Scott Graham (State Bar No. 114498)
        chris.scott.graham@dechert.com
2   Andrew Thomases (State Bar No. 177339)
        andrew.thomases@dechert.com
3   John D. van Loben Sels (State Bar No. 201354)
        john.vanlobensels@dechert.com
4   **DECHERT LLP**
    1117 California Avenue
5   Palo Alto, CA 94304-1106
    Telephone:    650.813.4800
6   Facsimile:    650.813.4848

7   Attorneys for Plaintiff
    ADVANCED ANALOGIC TECHNOLOGIES, INC.

8

9   Mark D. Rowland (CSB # 157862)
        mark.rowland@ropesgray.com
    James T. Canfield (CSB # 157908)
10      james.canfield@ropesgray.com
    **ROPES & GRAY LLP 525**
11  University Avenue
    Palo Alto, California 94301
12  Tel.: (650) 617-4000
    Fax.: (650) 617-4090
13

14  Robert C. Morgan (CSB # 46348)
        robert.morgan@ropesgray.com
15  **ROPES & GRAY LLP**
    1251 Avenue of the Americas
16  New York, New York 10020
    Tel.: (212) 596-9000
    Fax.: (212) 596-9090
17

18  Attorneys for Defendant
    LINEAR TECHNOLOGY CORPORATION

19              UNITED STATES DISTRICT COURT

20            NORTHERN DISTRICT OF CALIFORNIA

21              SAN FRANCISCO DIVISION

22  ADVANCED ANALOGIC                    Case No.  C 06-00735 MMC
    TECHNOLOGIES, INC., a Delaware
23  Corporation,                         **[PROPOSED] STIPULATED
                                         PROTECTIVE ORDER**
24              Plaintiff,

25  v.

26  LINEAR TECHNOLOGY CORPORATION,
    a Delaware Corporation,
27
                Defendant.
28

1    IT IS HEREBY ORDERED THAT, Plaintiff ADVANCED ANALOGIC

2    TECHNOLOGIES, INC. ("AATI") and Defendant LINEAR TECHNOLOGY CORPORATION

3    ("LINEAR") are to be bound by the following Protective Order for the protection of confidential

4    information, documents, and other things produced, served or otherwise provided in this action by

5    the parties or by third parties:

6    **A.    <u>Designated Material</u>.**

7    1.    Information, materials and or discovery responses may be designated pursuant to

8    this Protective Order by the person or entity producing or lodging it or by any party to this action

9    (the "Designating Party") if: (a) produced or served, formally or informally, pursuant to the

10   Federal Rules of Civil Procedure or in response to any other formal or informal discovery request

11   in this action; and/or (b) filed or lodged with the Court. All such information and material and all

12   information or material derived therefrom constitutes "Designated Material," which includes

13   materials designated "CONFIDENTIAL" under this Protective Order. Unless and until otherwise

14   ordered by the Court or agreed to in writing by the parties, all material designated under this

15   Protective Order shall be used only for purposes of this litigation between AATI and LINEAR,

16   and shall not be used or disclosed by the party receiving Designated Material except as provided

17   under the terms of this Protective Order. (For purposes of this Protective Order, "disclose" means

18   to show, furnish, provide, or discuss the contents of, in whole or in part, the original, a copy, or

19   any summaries of the referenced material or document.)

20   2.    Subject to the limitations set forth in this Protective Order, a designation of

21   "CONFIDENTIAL" means information whether or not embodied in any physical medium, which

22   the Designating Party believes in good faith has competitive value, which is not generally known

23   to others, and which the Designating Party would not normally reveal to third parties except in

24   confidence, or has undertaken with others to maintain in confidence. Such information, if

25   disclosed to agents of the receiving party, or to any other person, might cause competitive harm to

26   the Designating Party. Information may also be designated "CONFIDENTIAL" if the

27   designating party believes in good faith that the information falls within the right to privacy

28   guaranteed by the laws of the United States and/or California.

**B.     Access By Parties.**

1.     Materials Designated CONFIDENTIAL.  Materials designated "CONFIDENTIAL" or "CONFIDENTIAL BUSINESS INFORMATION OF [PARTY]" may only be disclosed to:

(a)     Persons who appear on the face of Designated Materials marked CONFIDENTIAL or CONFIDENTIAL BUSINESS INFORMATION OF [PARTY] or similar legend as an author or sole addressee thereof, subject to the disclosure requirements of Section C, and any Outside Counsel of such author or addressee that has become counsel of record through stipulation or order of the Court as set forth in subsection (b) below.  Any such review of materials must be in the presence of and under the supervision of Outside Counsel and all originals and any copies of such material shall remain exclusively in the possession of Outside Counsel.  Further, any written notes, compilations or reviews of such material made by persons falling under this subsection shall remain in the possession of Outside Counsel;

(b)     "Outside Counsel" (which means and is defined as counsel of record, including the partners, associates, agents and employees of counsel of record, except for agents or employees who have been retained or employed by Outside Counsel as experts or consultants to assist in the preparation of this action) for the parties to this action to the extent reasonably necessary to render professional services in this action.  Unless otherwise expressly provided through stipulation or order, Outside Counsel shall include only the law firms of Dechert LLP on behalf of AATI and Ropes & Gray LLP and McDermott, Will & Emery LLP on behalf of LINEAR.  No Outside Counsel who prosecute patent applications in the field of synchronously switched charge pump power converters using feedback to regulate output (excluding open loop converters), and synchronously switched dc-dc converters that monitor current to load and output voltage to regulate output (the "EXCLUDED TECHNOLOGY") may view CONFIDENTIAL information of the opposing party.  Outside Counsel who gain access to CONFIDENTIAL information of the opposing party are precluded from prosecuting patents in the EXCLUDED TECHNOLOGY until one year after the close of fact discovery in this action.  The scope and description of the limitation on patent prosecution described by this Order does not affect in any

1  way the proper construction of the claims at issue. Upon the filing of a document associating or

2  substituting counsel in addition to or other than Ropes & Gray LLP, McDermott, Will & Emery

3  LLP or Dechert LLP as counsel of record for a party in this action, such counsel shall also qualify

4  as Outside Counsel under this subsection, provided that any counsel that has withdrawn as

5  counsel of record for any party confirms in writing to all other counsel of record that it is no

6  longer in possession of any Designated Material;

7          (c)     Non-party experts and consultants retained or employed by Outside

8  Counsel to assist in the preparation of this action ("Outside Consultants"), to the extent

9  reasonably necessary to render professional services in this action, subject to the disclosure

10  requirements of Section C;

11          (d)     Vendors with whom Outside Counsel of record for the parties to this

12  litigation have contracted for purely clerical functions, such as the copying of documents;

13          (e)     Subject to Sections F(3) and H below, Designated Material marked

14  "CONFIDENTIAL" may also be shown to deposition or trial witnesses who: (1) appear on the

15  face of the Designated Material as an author, addressee or recipient of the Designated Material,

16  including any information contained therein, or (2) the examining attorney has a good faith basis

17  to believe was an author, addressee or recipient of the Designated Material for purposes of

18  determining whether the witness was an author, recipient or addressee.

19          (f)     Any mediator chosen by the parties or the Court, along with necessary

20  legal, paralegal, and secretarial personnel working under the direction of the mediator, subject to

21  the disclosure requirements of Section C;

22          (g)     Mock jurors and jury consultants who have been engaged by the parties

23  and/or the consultants in preparation for trial. For any jury research, an appropriate screening

24  process must be used to assure that the jury consultant(s) and mock jurors chosen for any mock

25  jury presentation are not current or former officers, directors, employees or consultants of any

26  party or any direct competitors of any party. Each jury consultant and/or mock juror must agree

27  in writing to be bound by this Order by signing and undertaking the form of Exhibit A to this

28  Order;

1            (h)     Other persons, subject to the disclosure requirements of Section C, that the

2    parties agree may be subsequently designated under this Protective Order.

3          **C.**     **Undertaking of Confidentiality and Disclosure Requirements.**

4           1.     No information or materials designated under this Protective Order as

5    CONFIDENTIAL or CONFIDENTIAL BUSINESS INFORMATION OF [PARTY] or similar

6    legend may be disclosed to any individual designated under Paragraph B.1 ("Selected

7    Individual") until all of the following pre-conditions have been met:

8            (a)     No Designated Material may be disclosed until after seven (7) business

9    days from receipt by Outside Counsel for the Designating Party of a written notice stating: the

10   full name, address, current employer, and curriculum vitae (if an Outside Consultant) of the

11   Selected Individual; any known former, present or anticipated future relationships between the

12   Selected Individual and any party to this action; legal consultancies or testimony provided by the

13   Selected Individual during the previous five years; and any of the Selected Individual's present

14   consultancies in the power management semiconductor field.  The disclosure as to said

15   consultancies shall identify the attorney, law firm, and client involved.

16           (b)     Failure by Outside Counsel for the Designating Party to object to

17   disclosure to the Selected Individual within seven (7) business days from receipt of the written

18   notification required by Section C.1(a) above shall be deemed approval, but shall not preclude a

19   party from objecting to continued access of Designated Material by the person where facts

20   suggesting that basis for objection are subsequently learned by the party or its counsel.  If a

21   written notice of objection is provided, no Designated Materials shall be disclosed to the Selected

22   Individual until the objection is resolved by an order of the Court or by an agreement among the

23   parties.  The parties shall attempt to resolve any objections informally, and approval by the

24   Designating Party shall not be unreasonably withheld.  If the objections cannot be resolved, the

25   objecting party must, to preserve its objections, move within fifteen (15) business days following

26   its objection for a protective order preventing disclosure of CONFIDENTIAL materials to the

27   Selected Individual.  If the objecting party fails to seek a protective order within that time, the

28   objection shall be deemed waived and Designated Materials may be disclosed to the Selected

1    Individual subject to this Protective Order.  In the event that such a motion is made, the party

2    seeking to prohibit disclosure shall bear the burden of proving that the disclosure is inappropriate.

3    Until the Court has ruled on the objecting party's motion, an opposing party's Designated

4    Materials shall not be disclosed to the Selected Individual.  Without modifying any obligations

5    under the Federal Rules of Civil Procedure, the parties shall not have any obligation under this

6    Protective Order to identify which materials are provided to Selected Individuals.

7            (c)    Each Selected Individual to whom any Designated Material may be

8    disclosed pursuant to the provisions in this Protective Order shall, prior to the time such

9    Designated Material is disclosed to him or her, be provided with a copy of this Protective Order

10   and shall certify under penalty of perjury that he or she has carefully read the Protective Order

11   and fully understands its terms and agrees to be bound thereby.  This certificate shall be in the

12   form attached as Exhibit A hereto.  Outside Counsel who make any disclosure of Designated

13   Materials shall retain each original executed certificate and, upon written request, shall circulate

14   copies to all Outside Counsel at the termination of this action.

15       **D.    Use of Designated Materials By Designating Party.**

16       Nothing in this Protective Order shall limit any Designating Party's use of its own

17   documents and information, nor shall it prevent the Designating Party from disclosing its own

18   confidential information or documents to any person.  Such disclosure shall not affect any

19   designations made pursuant to the terms of this Protective Order, so long as the disclosure is

20   made in a manner that is reasonably calculated to maintain the confidentiality of the information.

21       **E.    Procedure for Designating Materials.**

22       Documents, materials and discovery responses, in whole or in part, may be designated as

23   "CONFIDENTIAL" as follows:

24       The producing or responding party shall designate materials by placing the legend

25   CONFIDENTIAL or "CONFIDENTIAL BUSINESS INFORMATION OF [PARTY]" or similar

26   legend on each page of the materials prior to production.

27       **F.    Procedure for Designating Depositions.**

28            1.    Deposition transcripts or portions thereof may be designated as

1    CONFIDENTIAL by a party during deposition testimony or at the completion of said deposition,

2    on the record, taken in this action, in which case the portion of the transcript containing

3    Designated Material shall be identified in the transcript by the Court Reporter as

4    CONFIDENTIAL. The designated testimony shall be bound in a separate volume and marked by

5    the reported accordingly.

6            2.      Where testimony is designated at a deposition, the Designating Party shall

7    have the right to exclude, at those portions of the deposition, all persons not authorized by the

8    terms of this Protective Order to receive such Designated Material.

9            3.      Subject to the provisions set forth in Sections B and C of this Protective

10    Order above, any party may mark Designated Material as a deposition exhibit and examine a

11    witness thereon, provided that the exhibit and related transcript pages receive the same

12    confidentiality designation as the original Designated Material. Any person who is shown a

13    deposition exhibit comprised of Designated Material pursuant to the provisions of Sections B.1

14    shall not be allowed (except by express permission of the Designating Party) to keep a copy of the

15    deposition exhibit, and shall not be furnished a copy of such deposition exhibit when given the

16    opportunity to review the deposition transcript for accuracy following the deposition.

17            4.      Any party may, within thirty (30) days after receiving a deposition

18    transcript, designate pages of the transcript and/or its exhibits as Designated Material. If any

19    party so designates such material, the parties or deponents shall provide written notice of such

20    designation to all parties within the 30-day period. Designated Material within the deposition

21    transcript of the exhibits thereto may be identified in writing or by underlining the relevant

22    portions and marking such portions CONFIDENTIAL. The parties may modify this procedure

23    for any particular deposition or proceeding through agreement on the record at such deposition or

24    proceeding or otherwise by written stipulation without further order of the Court.

25        **G.    Copies.**

26            All complete or partial copies of Designated Materials shall also be deemed subject to the

27    terms of this Protective Order. No copies of Designated Materials shall be made by the receiving

28    party except as is reasonably necessary for their own use, which copies shall contain the same

1  legending, and which shall be subject to the same restrictions as the documents originally

2  produced.

3      **H.      Court Procedures.**

4      1.      Disclosure of Designated Material to Court Officials.  Subject to the provisions of

5  this section, Designated Material may be disclosed to the Court, Court officials or employees

6  involved in this action (including court reporters, persons operating video recording equipment at

7  depositions, and any special master or referee appointed by the Court) and the jury in this action,

8  and any interpreters interpreting on behalf of any party or deponent.

9      2.      Obligations of the Court.  The parties agree that the employees of the Court or the

10  Clerk's office have no duty to the parties to maintain the confidentiality of any information in any

11  papers filed with the Court.

12      3.      Filing Designated Materials with the Court.  The parties may attach Designated

13  Materials to a court filing or otherwise include Designated Materials in a court filing only in

14  accordance with Local Rule 79-5.  If the Court denies permission to file Designated Materials

15  under seal, this shall be deemed a determination that the materials do not qualify as

16  "CONFIDENTIAL" designated under this Protective Order, and therefore such materials may be

17  filed unsealed with the Court unless the parties agree otherwise.  If the Designating Party

18  disagrees with this result, nothing in this Order shall prohibit the Designating Party from seeking

19  any appropriate relief with the Court.

20      4.      Retrieval of Designated Materials.  The party lodging or filing the Designated

21  Materials shall be responsible for retrieving such Designated Materials from the Court following

22  the final termination of the action (including after any appeals).

23      5.      Failure to File Under Seal.  If any party fails to file Designated Materials under

24  seal, the Designating Party or any party to this action may request that the Court place the

25  Designated Materials under seal within twenty (20) days of the filing of said Designated

26  Materials.  The Clerk of the Court is directed to comply with such request if consistent with Local

27  Rule 79-5.

28      6.      Use of Designated Materials in Open Court.  The parties shall not present or quote

from any Designated Material in open court, unless the Court shall order otherwise.  Presentation of, or quotations from, Designated Materials shall be heard by the Court under such conditions and safeguards as the Court may impose to prevent improper disclosure of Designated Materials. The parties shall meet and confer concerning appropriate methods for dealing with Designated Material at trial.

**I.     Objections.**

1.     A party may challenge the propriety of any designation under this Protective Order at any time.  A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the Designated Materials as to which the designation is challenged and state the basis for each challenge ("Notice of Objection").  Service of a Notice of Objection shall be made by email and by mail.

2.     On, but not before, the thirtieth (30th) day after service of a Notice of Objection, the challenged material shall be deemed re-designated unless the Designating Party has served by email or hand delivery during normal business hours a response to the Notice of Objection setting forth the legal and factual grounds upon which the Designating Party bases its position that the materials should maintain the original designation or for designating the material otherwise.  If the parties are unable to resolve the disagreement, the Designated Party shall bring, within fifteen (15) days after service of the response to the Notice of Objection, a motion for protective order to maintain the original designation or to designate the material otherwise.  If such a motion is filed, the material at issue may be submitted to the Court for in camera inspection.  It shall be the burden of the Designating Party under such circumstances to establish that the information so designated is properly designated CONFIDENTIAL within the meaning of this Protective Order. Upon the timely filing of such a motion, the original designations shall remain effective until ten (10) days after service of notice of entry of an order re-designating the materials.  If such a motion is not filed within fifteen (15) days after service of the response to the Notice of Objection, the challenged material shall be deemed re-designated.

3.     The parties shall meet and confer in good faith prior to the filing of any motion under this section.

**J.     Client Communication.**

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material.  In rendering such advice and otherwise communicating with the client, however, counsel shall not make specific disclosure of any Designated Materials, except as permitted by this Protective Order.

**K.     No Prejudice.**

1.     This Protective Order shall not diminish any existing obligation or right with respect to Designated Materials, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

2.     Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

3.     If any person required to produce documents inadvertently produces any Designated Material without marking it with the appropriate legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped copies of the Designated Material, that the document, things, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Protective Order.

Such an inadvertent production of materials without the appropriate designation shall not, by itself, be deemed a waiver in whole or in part of a producing party's claim of confidentiality or secrecy, either to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  However, failure to take prompt or appropriate action to rectify any inadvertent production of materials without the appropriate designation, or failure to discover such inadvertent production within a reasonable time after the materials are produced without designation, may in appropriate circumstances result in the loss of confidentiality or secrecy.

**L.    Inadvertent Production of Privileged Materials.**

If a party inadvertently discloses information (i.e., by producing documents), that is privileged, constitutes attorney work product, or is otherwise protected from discovery, the disclosing party shall, promptly upon discovery of the disclosure, advise the receiving party in writing and request that the items containing the information be returned, and if that request is made, no party to this action shall thereafter assert that the disclosure waived any privilege or immunity.  The parties also agree that the receiving party will return or destroy the inadvertently produced items containing the information, and all copies and derivations thereof, within five business days of receipt of the written request.  Thereafter, the receiving party may seek production of the items in accordance with the relevant case law.  The parties further agree that if a party believes that it received privileged, attorney work product or otherwise protected material from another party, the receiving party will immediately notify the producing party in writing. The inadvertent production of privileged, attorney work product, or otherwise protected materials cannot be a basis for seeking production.

**M.    Final Disposition.**

Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of the action including appeals therefrom, all persons having received Designated Material shall return such material and all copies thereof to counsel for the producing party, or certify destruction thereof.  Outside Counsel shall be entitled to retain court papers, deposition and trial transcripts, attorney work product, and one copy of each item of Designated Material, provided such counsel and employees of such counsel shall not disclose any such information or material contained in such court papers or transcripts or attorney work product or Designated Material to any person or entity except pursuant to court order or written agreement with the producing party of the information or material.  Any Designated Material retained by Outside Counsel will be maintained in a secure location and continue to be subject to the terms of this Protective Order until destroyed.

**N.     Modification and Survival.**

1.     Modification; Addition of Parties to this Stipulation.

(a)     All parties reserve the right to seek modification of this Protective Order at any time for good cause.  The parties agree to meet and confer prior to seeking to modify this protective order for any reason.  The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all parties or by order of this Court.

(b)     Parties to this action who are not listed herein or who become parties to this action after the latest date of execution may become parties to this Protective Order, and thereby be bound by all the terms and conditions stated herein, by executing a written agreement thereto, to be signed by all Outside Counsel for the parties.

2.     Survival.

The restrictions imposed by this Protective Order may only be terminated by written stipulation of all parties, by stipulation read into a court record or deposition record, or by order of this Court.  This Protective Order shall survive termination of this action.

**O.     Third Parties.**

1.     Where a discovery request (other than a deposition question) calls for otherwise discoverable information that is subject to an obligation of confidentiality owed to another, it shall be the obligation of the party to whom the discovery request or deposition question is directed to:

(a)     identify to the party seeking the information the name and address of each person whose confidentiality interests are implicated by the discovery request or, if the identity of the third party itself is confidential, the existence of third party confidentiality obligations, and

(b)     promptly provide to each third party whose confidentiality interests are implicated;

(i)     notice of such discovery request seeking disclosure of materials or information held under obligations of confidentiality; and

(ii)     a copy of this Protective Order.

The party to whom the discovery request has been directed shall be responsible for

1   determining whether the third party whose confidentiality interests are implicated objects to the

2   production of the otherwise discoverable information.  If the third party whose confidentiality

3   interests are implicated does not object in writing to counsel for the requesting party within

4   fifteen (15) business days after receiving notice of the discovery request and a copy of this

5   Protective Order, the party to whom the discovery request has been directed shall not be

6   permitted to withhold discovery on the ground of third party confidentiality.  If an objection is

7   made by the third party, there shall be no disclosure of the information to which the objection is

8   made unless the objection is withdrawn or by order of the Court.  The requesting party may move

9   the Court for an order requiring disclosure of the confidential information.  The parties will meet

10  and confer in good faith to resolve any issues pertaining to deposition questions which call for

11  otherwise discoverable information that is subject to an obligation of confidentiality owed to

12  another.

13          2.      If a third party is required, by subpoena or court order, to provide documents or

14  information that it considers CONFIDENTIAL information, the third party may request to receive

15  the protections provided by this Protective Order, either by giving notice to all parties in writing

16  of its intent to seek such protection or by designating and marking documents and information it

17  produces in the manner required by this Protective Order.  Designated third-party documents and

18  information shall be given the same protection under this Order as documents and information

19  produced by the parties.

20      **P.**     **No Contract.**

21          This stipulation is for the Court's consideration and approval as to an order.  This order

22  shall not be construed to create a contract between the parties or between the parties and their

23  respective counsel.

24      **Q.**     **Court's Retention of Jurisdiction.**

25          The Court retains jurisdiction to make such amendments, modifications, and additions to

26  this Protective Order as it may from time to time deem appropriate.

27

28

1       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

2

3    Dated: August 18, 2006                    DECHERT LLP

4

5                                              By:/s/Chris Scott Graham
                                                  Chris Scott Graham
6                                                 Attorneys for Plaintiff
                                                  Advanced Analogic Technologies, Inc.
7

8    Dated: August 8, 2006                     ROPES & GRAY LLP

9

10                                             By:/s/Mark D. Rowland

11                                                Mark D. Rowland
                                                  Attorneys for Defendant
12                                                Linear Technology Corporation

13

14   Dated: August 11, 2006                    MCDERMOTT, WILL & EMERY

15

16                                             By:/s/Jimmy Shin

17                                                Jimmy Shin
                                                  Attorneys for Defendant
18                                                Linear Technology Corporation

19

20   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

21

22   Dated:_____

23

24                                             _____
                                               HON. MAXINE M. CHESNEY
25

26

27

28

1

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

2

3    Dated:  August 18, 2006                          DECHERT LLP

4

5                                                     By: _____

6                                                         Chris Scott Graham
                                                          Attorneys for Plaintiff
7                                                         Advanced Analogic Technologies, Inc.

8    Dated:_____                   ROPES & GRAY LLP

9

10                                                    By: _____

11                                                        Mark D. Rowland
                                                          Attorneys for Defendant
12                                                        Linear Technology Corporation

13

14   Dated:_____                   MCDERMOTT, WILL & EMERY

15

16                                                    By: _____

17                                                        Jimmy Shin
                                                          Attorneys for Defendant
18                                                        Linear Technology Corporation

19

20   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

21

22   Dated:_____

23

24                                                    _____

25                                                    HON. MAXINE M. CHESNEY

26

27

28

PROTECTIVE ORDER; CASE NO. C 06-00735 MMC                14                          12396093.2.LITIGATION

1      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

2

3      Dated: _____          DECHERT LLP

4

5                                              By: _____

6                                                  Chris Scott Graham
                                                   Attorneys for Plaintiff
7                                                  Advanced Analogic Technologies, Inc.

8      Dated: _8/2/06_____            ROPES & GRAY LLP

9

10

11     By: _____

12         Mark D. Rowland
           Attorneys for Defendant
           Linear Technology Corporation

13

14     Dated: _____          MCDERMOTT, WILL & EMERY

15

16                                             By: _____

17                                                 Jimmy Shin
                                                   Attorneys for Defendant
18                                                 Linear Technology Corporation

19

20     PURSUANT TO STIPULATION, IT IS SO ORDERED.

21

22     Dated: _____

23

24                                             _____

25                                             HON. MAXINE M. CHESNEY

26

27

28

PROTECTIVE ORDER; CASE NO. C 06-00735 MMC              14                    12396093.2.LITIGATION

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

2

3    Dated:_____        DECHERT LLP

4

5                                          By:_____
6                                             Chris Scott Graham
                                              Attorneys for Plaintiff
7                                             Advanced Analogic Technologies, Inc.

8    Dated:_____        ROPES & GRAY LLP

9

10                                         By:_____
11                                            Mark D. Rowland
                                              Attorneys for Defendant
12                                            Linear Technology Corporation

13
14   Dated: Aug. 11, 2006                  MCDERMOTT, WILL & EMERY

15

16                                         By:_____
17                                            Jimmy Shin
                                              Attorneys for Defendant
18                                            Linear Technology Corporation

19

20   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

21

22   Dated:_ August 21, 2006 _____

23

24                                         _____
25                                         HON. MAXINE M. CHESNEY

26

27

28

PROTECTIVE ORDER; CASE NO. C 06-00735 MMC          14          12396093.2.LITIGATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT A

### CERTIFICATION CONCERNING MATERIAL COVERED

### BY PROTECTIVE ORDER

I, the undersigned, hereby certify that I have read the Protective Order entered in the Northern District of California in the case entitled <u>Advanced Analogic Technologies, Inc. v. Linear Technology Corporation</u>, Case No. C 06-00735 MMC.

I understand the terms of the Protective Order.  I agree to be bound by such terms and to submit to the personal jurisdiction of the Northern District of California with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court.  I will not disclose Designated Materials marked "CONFIDENTIAL" or "CONFIDENTIAL BUSINESS INFORMATION OF [PARTY]" or similar legend to anyone other than persons specially authorized by the Protective Order, and I agree to return all such materials which come into my possession to counsel from whom I received such materials.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Name of Individual:_____

Company for Firm:_____

Address:_____

Telephone No.: _____


Relationship to this action and its parties: _____

_____

_____

Dated:_____          _____
                                                            Signature