IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED ANALOGIC TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> LINEAR TECHNOLOGY CORPORATION, <br> Defendant. <br> _____/ | No. C-06-00735 MMC <br><br> **AMENDED ORDER GRANTING DEFENDANT'S MOTION TO AMEND MAY 12, 2006 ORDER TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND TO STAY FURTHER PROCEEDINGS; VACATING HEARING** <br><br> (Docket No. 36) |

Before the Court is defendant Linear Technology Corporation's ("Linear") motion to amend the May 12, 2006 Order denying Linear's motion to dismiss, to certify said order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and to stay the instant action pending resolution of such appeal and a pending proceeding before the International Trade Commission ("ITC"). Plaintiff Advanced Analogic Technologies, Inc. ("AATI") has filed opposition to the motion; Linear has filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument, see Civil L. R. 7-1(b), VACATES the September 15, 2006 hearing, and rules as follows.[1]

**BACKGROUND**

On February 2, 2006, AATI filed the instant action against Linear. The First

---

[1] The amendments correct the references to the December 15, 2006 case management conference requested by AATI.

1  Amended Complaint, filed February 21, 2006, is the operative complaint.  In the First
2  Amended Complaint, AATI asserts a cause of action against Linear for a declaratory
3  judgment of invalidity, non-infringement, and unenforceability of four of Linear's patents:
4  United States Patents Nos. 5,481,178 ("'178 patent"), 6,411,531 ('531 patent"), 6,304,066
5  ("'066 patent"), and 6,580,258 ("'258 patent").  (See First Amended Complaint ("FAC")
6  ¶¶ 30-36.)  Additionally, AATI asserts the following state law causes of action against
7  Linear: interference with contract/prospective economic advantage, trade libel, and violation
8  of § 17200 of the California Business and Professions Code.  (See FAC ¶¶ 37-51.)

9        On March 8, 2006, Linear filed counterclaims against AATI for infringement of the
10  '178, '531, '066, and '258 patents, and expressly alleged it was asserting the counterclaims
11  "conditionally in the event that this Court determines that it has subject matter jurisdiction
12  for declaratory judgment with respect to each of the asserted patents."  (See Answer and
13  Counterclaims ¶ 55.)

14        On March 20, 2006, the ITC voted to institute an investigation of certain of AATI's
15  products, based on a complaint filed by Linear alleging violations of § 337 of the Tariff Act
16  of 1930 with respect to the importation of said products.  (See Linear's Motion to Dismiss,
17  filed April 14, 2006, Ex. H.)

18        On April 14, 2006, Linear moved to dismiss the instant action for lack of subject
19  matter jurisdiction, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.  In
20  said motion, Linear argued the Court lacks jurisdiction over the declaratory relief claims
21  because AATI lacked a reasonable apprehension that it would face an infringement suit in
22  federal court.  Although Linear conceded that AATI may have had a reasonable
23  apprehension of an ITC investigation, Linear argued such apprehension does not suffice to
24  establish federal court jurisdiction over an action for declaratory relief.  Linear additionally
25  argued there is no independent basis for jurisdiction over the state law claims and,
26  consequently, that if the Court dismissed the declaratory relief claim for lack of jurisdiction,
27  the Court likewise was required to dismiss the state law claims.

28        On May 12, 2006, the Court denied Linear's motion to dismiss.

2

**LEGAL STANDARD**

A district court may certify for interlocutory appeal an order that "involves a controlling question of law as to which there is substantial ground for difference in opinion" where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." See 28 U.S.C. § 1292(b). A district court's certification of an order for interlocutory appeal shall be "state[d] in writing in such order." See id.

**DISCUSSION**

**A. Interlocutory Appeal**

Linear seeks an order amending the May 12, 2006 order to certify it for interlocutory appeal. Specifically, Linear seeks an order certifying for interlocutory appeal the question of "[w]hether an apprehension of being investigated by the ITC satisfies the jurisdictional requirements for a declaratory judgment action." For the reasons stated below, the Court finds the subject order meets the requirements of § 1292(b).

First, the order involves a controlling question of law. A question is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." See In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir.1981). Here, the question of subject matter jurisdiction is "controlling" as reversal of the Court's order would, at a minimum, terminate the instant action as to the federal claim. See Klinghoffer v S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria, 921 F.2d 21, 24 (2nd Cir. 1990) ("Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling,' [citations omitted], it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action.").[2]

Second, substantial ground for difference of opinion exists as to whether a

---

[2] Although a reversal would require dismissal of the declaratory relief claim, AATI argues the Court has independent jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1338(a). The Court did not reach that argument in its May 12, 2006 order, in light of its conclusion that it has jurisdiction over the declaratory relief claim and thus has supplemental jurisdiction over the state law claims. (See May 12 Order at 1.)

3

threatened ITC investigation is sufficient to warrant a declaratory judgment plaintiff's reasonable apprehension that it will face an infringement suit in federal court, thus giving rise to federal jurisdiction over a claim for declaratory relief.  Although neither of the parties nor the Court has located any authority addressing this specific issue, district courts have reached varying conclusions in cases arguably bearing thereon.  Compare Wolf v. Wagner Spray Tech. Corp., 715 F. Supp. 504, 507 (S.D.N.Y. 1989) (holding plaintiffs had reasonable apprehension of federal lawsuit sufficient to give rise to jurisdiction where plaintiffs contemplated importing product into United States in violation of existing ITC exclusion order), and Electro Med. Sys. v. Cooper Lasersonics, Inc., 617 F. Supp. 1036, 1038 (N.D. Ill. 1985) (holding prior infringement suits in foreign fora based on foreign patent constitutes sufficient basis for reasonable apprehension of infringement suit in United States regarding same product and corresponding U.S. patent), with Dr. Beck & Co. G.M.B.H. v. Gen. Elec. Co., 210 F. Supp. 86, 92 (S.D.N.Y. 1962) (finding it "difficult to see how a charge of infringement of the United States patent can be implied from the bringing of suit on foreign patents, even where those foreign patents are for the same invention"; dismissing declaratory relief action for lack of subject matter jurisdiction), and Teva Pharms. USA, Inc. v. Abbott Labs., 301 F. Supp. 2d 819, 822 (N.D. Ill. 2004) (noting courts "are divided on whether suit or threat of suit in a foreign forum on a corresponding foreign patent is sufficient to satisfy the reasonable apprehension requirement"; holding existence of prior foreign litigation is only one factor in determining whether U.S. declaratory relief plaintiff has reasonable apprehension of litigation in United States).

        Finally, an immediate appeal may materially advance the ultimate termination of the instant action, irrespective of whether the state law claims are affected thereby, because a reversal of the Court's May 12, 2006 Order will result in dismissal of AATI's cause of action for declaratory relief, as well as Linear's conditional counterclaims for patent infringement. Moreover, if the Court lacks jurisdiction over the declaratory relief claim, the parties and the Court would greatly benefit from obtaining the Federal Circuit's decision on that issue before embarking on potentially lengthy and costly litigation of the patent issues.

Accordingly, the Court will grant Linear's motion for interlocutory appeal.

**B. Stay**

Linear moves for a stay of the instant action pending resolution of the interlocutory appeal and, in any event, pending resolution of the ITC proceedings. AATI, albeit for different reasons, agrees a stay would be beneficial, but asks the Court to reassess such stay at a case management conference to be scheduled for December 15, 2006.

The Court finds the stay requested by Linear will conserve the resources of the parties and the Court, and further finds AATI's requested limitation unnecessary. The ITC proceedings are unlikely to be completed by that date. Pursuant to a May 5, 2006 order of the ITC, the ITC's "initial determination on issues concerning alleged violation of section 337" is due February 22, 2007, and "the target date for completion of [the ITC's] investigation is May 22, 2007." (See Reply App. A at 1.)

Accordingly, the Court will grant Linear's motion to stay the instant action pending resolution of both the interlocutory appeal and the ITC proceedings.

**CONCLUSION**

For the reasons set forth above, Linear's motion to amend the May 12, 2006 Order to certify said order for interlocutory appeal and to stay the instant action is hereby GRANTED.

The above-titled action is hereby STAYED until final resolution of both the interlocutory appeal and the pending ITC investigation. The parties shall notify the Court in writing forthwith at such time as the ITC proceedings are concluded. No later than June 1, 2007, the parties shall file a joint status conference statement advising the Court of the status of the ITC proceedings and, if accepted, the appeal to the Federal Circuit.

**IT IS SO ORDERED.**

Dated: October 5, 2006

MAXINE M. CHESNEY
United States District Judge

5